IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| NOEMI S. MORALES, | § | |
|  Plaintiff, | § | |
| | § | |
| v. | § | EP-19-CV-274-PRM |
| | § | |
| COMPASS GROUP USA, | § | |
| INC., | § | |
|  Defendant. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND

On this day, the Court considered Defendant Compass Group USA, Inc.'s [hereinafter "Defendant"] "Motion to Dismiss and Memorandum in Support" (ECF No. 11) [hereinafter "Motion to Dismiss"], filed on October 22, 2019, Plaintiff Noemi S. Morales' [hereinafter "Plaintiff"] "Response in Opposition to D[e]fendant Compass Group USA, Inc.'s Motion to Di[sm]iss" (ECF No. 16) [hereinafter "Response"], filed on November 5, 2019, and Defendant's "Reply in Support of Motion to Dismiss" (ECF No. 19) [hereinafter "Reply"], filed on November 12, 2019, in the above-captioned cause. The Court also concurrently considered Plaintiff's "Motion for Leave to File Plaintiff's First Amended Complaint" (ECF No. 17) [hereinafter "Motion for Leave"], filed on November 5, 2019, and Defendant's "Response in Opposition to Plaintiff's Motion for Leave to File Plaintiff's First

Amended Complaint" (ECF No. 21) [hereinafter "Response in Opposition"], filed on November 12, 2019. After due consideration, the Court will grant in part and deny in part Defendant's Motion to Dismiss, and grant in part and deny in part Plaintiff's Motion for Leave, for the reasons stated herein.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This case concerns a slip and fall which allegedly occurred on or about November 1, 2018, at the Hospital of Providence in El Paso, Texas. Mot. Leave 1. Plaintiff claims that she slipped and fell while "entering a room which had just been mopped by an employee of [Defendant]," and that Defendant failed to place "wet floor signs . . . in the area to notify [her] of any danger." Original Compl. ¶ 4, Oct. 1, 2019, ECF No. 4.

Plaintiff filed her initial "Original Petition and Request for Disclosure" (ECF No. 1-2) [hereinafter "Original Petition"] on August 26, 2019, in the 120th Judicial District Court of El Paso County, Texas. On September 27, 2019, Defendant removed the cause to federal court. Not. Removal, Sept. 27, 2019, ECF No. 1.

The Court subsequently entered its "Standing Order to Replead in Removed Cases" (ECF No. 2) on September 30, 2019. One day later, Plaintiff complied with the order by filing her Original Complaint. Original Compl., Oct. 1, 2019, ECF No. 4. The Original Complaint is

substantially similar to Plaintiff's Original Petition filed in state court. *See* Original Compl.; Original Pet.

In her Original Complaint, Plaintiff alleges causes of action of both negligence and premises liability. Original Compl. ¶¶ 5–9. Her negligence claim avers that "damages and injuries [Plaintiff] sustained were caused by the negligence of Defendant." *Id.* at ¶ 5. Alternatively, her premises liability claim contends that "Plaintiff suffered bodily injuries as a direct result of the fall proximately caused by a dangerous condition, which Defendant knew, or in the exercise of ordinary care, should have known existed." *Id.* at ¶ 7.

On October 22, 2019, Defendant filed its Motion to Dismiss, arguing that legal and factual defects in Plaintiff's Original Complaint warrant dismissal of all of Plaintiff's claims with prejudice. Mot. Dismiss 7. Thereafter, Plaintiff filed her Response, arguing against dismissal. Resp. 6. Plaintiff also filed a concurrent Motion for Leave, to "cure a defect in her Original Petition . . . [and] address issues raised in the motions to dismiss filed by Defendant." Mot. Leave. 1.

Attached to Plaintiff's Motion for Leave is her proposed "First Amended Complaint" (ECF No. 17-1). *Id.* at Ex. 1. Therein, Plaintiff adds additional allegations to her claims, such as the address and location of the Hospitals of Providence, and that "[u]pon information and belief, Defendant maintains a contract with the Hospitals of Providence for maintenance on its premises." *Id.* at ¶ 4. However,

Plaintiff's First Amended Complaint makes no modifications to her negligence claim. *Id.* at ¶¶ 5–6.

Defendant filed a Reply and Response in Opposition, disputing Plaintiff's Response and Motion for Leave, respectively. *See* Reply; Resp. Opp. Defendant maintains that Plaintiff's claims should be dismissed with prejudice, and Plaintiff's Motion for Leave should be denied. Reply 3; Resp. Opp. 3.

## II.  LEGAL STANDARD

### A.  Rule 12(b)(6) and Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for "failure to state a claim upon which relief can be granted." In determining whether a plaintiff states a valid claim, a court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiffs." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A pleading that offers mere

"'labels and conclusions' . . . will not do," especially when it simply tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (second alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557).

### B. Rule 15(a) and Motion for Leave to Amend

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent, or the court's leave. The court should freely give leave when justice so requires." *See Griggs v. Hinds, Junior College*, 563 F.2d 179 (5th Cir. 1977) (citing the same).[1] "[T]he language of this rule evinces a bias in favor of granting leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)).

When considering a request for leave pursuant to Rule 15(a), the Court must "possess a 'substantial reason' to deny a request for leave to amend." *Id.* (quoting *Jamieson By & Through Jamieson v. Shaw*, 772

---

[1] The Court does not consider Federal Rule of Civil Procedure 16 and the "good cause" standard for amendment, because Plaintiff filed her Motion for Leave prior to the Court's scheduling order deadline. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); Scheduling Order, Nov. 12, 2019, ECF No. 20 (setting a December 4, 2019 deadline for filing "all motions to amend or supplement pleadings").

5

F.2d 1205, 1208 (5th Cir. 1985)). Thus, leave to amend should generally be freely given in the absence of "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Id.* (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)). "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–873 (5th Cir. 2000)).

## III. ANALYSIS

In order to resolve the pending motions, the Court addresses Plaintiff's negligence and premises liability claims separately. As to Plaintiff's negligence claim, Defendant's Motion to Dismiss should be granted and Plaintiff's Motion for Leave should be denied. As to Plaintiff's premises liability claim, Plaintiff's Motion for Leave should be granted and Defendant's Motion to Dismiss should be denied as moot without prejudice to refiling. Thus, the Court dismisses Plaintiff's negligence claim, but allows Plaintiff to proceed on her premises liability claim at this time.

## A. Plaintiff's Negligence Claim

The Court is of the opinion that Texas law limits Plaintiff to a single cause of action for premises liability, and Plaintiff fails to cure the defects in her negligence cause of action through the proposed amendment to her complaint. Accordingly, as to Plaintiff's negligence claim, Defendant's Motion to Dismiss should be granted and Plaintiff's Motion for Leave should be denied.

Pursuant to Texas law, negligence and premises liability are distinct causes of action. *Texas Dept. of Transp. v. Mackey*, 345 S.W.3d 760, 765 (Tex. App. 2011).[2] "[N]egligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). "If a plaintiff was injured by a condition created by the activity rather than the activity itself, the plaintiff is limited to a premises liability theory of recovery." *Torres v. Hobby Lobby Stores,*

---

[2] "Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 426–27 (1996)). Because Defendant removed this case pursuant to 28 U.S.C. § 1332, the diversity statute, the Court will apply Texas state substantive law and federal procedural law. Not. Removal 1.

7

*Inc.*, 2013 WL 6157916, *7 (W.D. Texas 2011) (quoting *Lucas v. Titus County Hosp. Dist.*, 964 S.W.2d 144, 153 (Tex. App. 1998)).

Defendant's Motion to Dismiss should be granted as to Plaintiff's negligence claim because pursuant to Texas law, Plaintiff cannot recover on a negligence theory from her routine slip and fall. Plaintiff alleges that she slipped and fell on a wet floor which had been mopped by one of Defendant's employees. Thus, the wet floor that Plaintiff slipped on was a condition created by Defendant's activity of mopping, which limits Plaintiff to a premises liability theory of recovery, rather than negligence. *See Torres*, 2013 WL 6157916, at *9 ("[S]lippery substances on a floor are 'a condition created by the activity' . . . such conditions are therefore properly the subject only of a premises liability claim.") (quoting *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)). Accordingly, Plaintiff's negligence claim states no plausible theory of recovery pursuant to Texas law, and must be dismissed.

In addition, Plaintiff's Motion for Leave as to her negligence claim should be denied because Plaintiff fails to cure her negligence claim's defects through amendment. Texas law is clear that plaintiffs may only plead premises liability to recover from a routine slip and fall. *See Torres*, 2013 WL 6157916, at *9 ("[S]uch conditions are therefore properly the subject only of a premises liability claim."). Yet Plaintiff's proposed First Amended Complaint still includes a negligence claim, unchanged from Plaintiff's Original Complaint. The First Amended

8

Complaint also contains no additional facts which differentiate Plaintiff's accident from an ordinary slip and fall and would allow Plaintiff to recover on a negligence theory. Accordingly, the Court is within its discretion to deny Plaintiff's Motion for Leave as to her negligence claim because Plaintiff's proposed amendment is futile. *See Stripling*, 234 F.3d at 873 (holding that a court may deny leave to amend as futile where "the amended complaint would fail to state a claim upon which relief could be granted").

Furthermore, Plaintiff's Motion for Leave should be denied as to Plaintiff's negligence claim because granting the Motion for Leave would unduly prejudice Defendant. Defendant has exhaustively litigated whether Plaintiff can allege a negligence claim in the above-captioned cause. *See* Mot. Dismiss; Reply. If the Court were to grant Plaintiff's Motion for Leave as to Plaintiff's negligence claim, Defendant would then have to relitigate the issue of whether Plaintiff can appropriately allege negligence. This litigation would lead to the inevitable conclusion that Plaintiff's negligence claim should be dismissed. The Court is of the opinion that requiring the parties to engage in repetitive litigation with an inevitable conclusion would unduly prejudice Defendant in terms of time and litigation costs. Accordingly, it is within the Court's discretion to deny Plaintiff's Motion for Leave as to her negligence claim.

## B.  Plaintiff's Premises Liability Claim

The Court determines that Plaintiff's Motion for Leave as to her premises liability claim should be granted pursuant to Federal Rule of Civil Procedure 15.  Because Plaintiff may cure defects in her premises liability claim by amendment, and only entered one previous amendment pursuant to the Court's Standing Order to Replead in Removal Cases, there are no substantial reasons to deny Plaintiff's Motion for Leave.  Furthermore, as to Plaintiff's premises liability claim, the Court denies Defendant's Motion to Dismiss as moot.

First, Plaintiff's Motion for Leave as to her premises liability claim should be granted because Plaintiff's proposed amendment is not futile.  In its Motion to Dismiss, Defendant argues that Plaintiff's premises liability claim should be dismissed because Plaintiff's fails to "identif[y] the premises at issue," or "allege[] facts suggesting that Compass Group exercised legal 'control' over [the premises]."  Mot. Dismiss 4.  Defendant is correct that in order to plead a premises liability claim, "well pleaded facts must make the allegation of control a plausible one." *Smit v. SXSW Holdings, Inc.*, 903 F.3d 522, 528 (5th Cir. 2018).  However, in her proposed First Amended Complaint, Plaintiff alleges the specific premises at issue, and that Defendant had control over these premises through a contractual arrangement.  Based on these additional allegations, the Court is of the opinion that Plaintiff's premises liability claim is not futile.  Accordingly, futility of

amendment is not a substantial reason to deny Plaintiff leave to amend her premises liability claim.

Second, the Court is of the opinion that Plaintiff complying with the Court's Standing Order to Replead in Removed Cases does not present substantial reasons for denying Plaintiff leave to amend her premises liability claim. Defendant argues that Plaintiff's premises liability claim should be "dismissed with prejudice because the Court has already provided Plaintiff with the opportunity to amend her Original Petition to conform to Federal Rule of Civil Procedure 8(a) . . . but Plaintiff made no meaningful effort to do so." Mot. Dismiss 7. Essentially, Defendant asserts that Plaintiff already had the opportunity to amend her premises liability claim when she complied with the Court's Standing Order to Replead in Removed Cases. According to Defendant, Plaintiff's failure to amend her complaint demonstrates her repeated failure to cure defects in her premises liability claim, as well as prejudiced Defendant by generating additional litigation. Reply 3; Mot. Dismiss 7.

However, the Court is of the opinion that there are no substantial reasons for denying Plaintiff leave to file an additional amendment after repleading. As a general matter, Plaintiff should not be penalized for complying with the Court's Standing Order to Replead in Removed

Cases.[3] At the time of repleading, Plaintiff was not on notice of the potential defects in her premises liability claim raised by Defendant in its Motion to Dismiss. Accordingly, Plaintiff has not repeatedly failed to cure these defects, as she makes her first attempt to do so in her Motion for Leave. Furthermore, the Court concludes that the policy interest of allowing liberal amendments to pleadings outweighs any possible prejudice to Defendant. *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading.").

Considering Defendant's Motion to Dismiss, the Court is mindful that the filing of an amended complaint moots previously filed motions to dismiss. *See, e.g.*, *Reyna v. Deutsche Bank Nat. Tr. Co.*, 892 F. Supp. 2d 829, 834 (W.D. Tex. 2012) (denying as moot without prejudice a motion to dismiss in light of the plaintiff's second amended complaint); *Comb v. Benji's Special Educ. Acad., Inc.*, 745 F. Supp. 2d 755, 773 (S.D. Tex. 2010) (denying as moot without prejudice a motion to dismiss in light of the plaintiff's amended complaint). Because the Court grants

---

[3] The Court notes that Plaintiff's Original Complaint complies with Federal Rule of Civil Procedure 8(a), which only requires a short and plain statement of "the grounds for court's jurisdiction" and "the claim showing that the pleader is entitled to relief," as well as "a demand for relief sought."

12

Plaintiff leave to file her proposed First Amended Complaint as to her premises liability claim, the Court also denies Defendant's Motion to Dismiss as to Plaintiff's premises liability claim as moot. Furthermore, the Court is of the opinion that Defendant should be afforded an additional opportunity to respond to Plaintiff's amended premises liability claim. Accordingly, the Court denies Defendant's Motion to Dismiss as to Plaintiff's premises liability claim without prejudice to refiling.

## IV. CONCLUSION

In summary, the Court grants Defendant's Motion to Dismiss and denies Plaintiff's Motion for Leave as to Plaintiff's negligence claim, and denies as moot Defendant's Motion to Dismiss and grants Plaintiff's Motion for Leave as to Plaintiff's premises liability claim. Thus, the Court dismisses Plaintiff's negligence claim, but allows Plaintiff to proceed on her premises liability claim at this time.

Accordingly, **IT IS ORDERED** that Defendant Compass Group USA, Inc.'s "Motion to Dismiss and Memorandum in Support" (ECF No. 11) is **GRANTED IN PART AND DENIED IN PART**. The "Motion to Dismiss and Memorandum in Support" (ECF No. 11) is **GRANTED** as to Plaintiff Noemi S. Morales' negligence claim and **DENIED AS MOOT WITHOUT PREJUDICE TO REFILING** as to Plaintiff Noemi S. Morales' premises liability claim.

**IT IS FURTHER ORDERED** that Plaintiff Noemi S. Morales' "Original Complaint" (ECF No. 4) is **DISMISSED IN PART**. The "Original Complaint" (ECF No. 4) is **DISMISSED** as to Plaintiff Noemi S. Morales' negligence claim.

**IT IS FURTHER ORDERED** that Plaintiff Noemi S. Morales' "Motion for Leave to File Plaintiff's First Amended Complaint" (ECF No. 17) is **GRANTED IN PART AND DENIED IN PART.** The "Motion for Leave to File Plaintiff's First Amended Complaint" (ECF No. 17) is **DENIED** as to Plaintiff Noemi S. Morales' negligence claim and **GRANTED** as to Plaintiff Noemi S. Morales' premises liability claim.

**IT IS FINALLY ORDERED** that Plaintiff Noemi S. Morales' "First Amended Complaint" (ECF No. 17-1) is **ACCEPTED** for filing, **but shall be effective as to Plaintiff Noemi S. Morales' premises liability claim only**.

SIGNED this **14th day** of **April, 2020**.

_____
**PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE**